IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PAUL PETERS, | ) | CIVIL NO. 11-00331 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING BENTWATER'S |
| | ) | MOTION FOR RECONSIDERATION; |
| vs. | ) | ORDER DENYING PETERS'S MOTION |
| | ) | FOR RECONSIDERATION |
| ROBERTS MARKEL, PC; | ) | |
| BENTWATER YACHT AND COUNTRY | ) | |
| CLUB, LTD.; | ) | |
| BRADY ORTEGO; | ) | |
| and DOES I THROUGH X, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING BENTWATER'S MOTION FOR RECONSIDERATION;
ORDER DENYING PETERS'S MOTION FOR RECONSIDERATION**

**I.      INTRODUCTION.**

On June 13, 2012, this court filed an amended order granting summary judgment in favor of Defendants on almost all of the alleged Fair Debt Collection Practices Act ("FDCPA") violations, retaining only an FDCPA claim arising out of a letter of May 12, 2011, from the law firm of Roberts Markel.  The court continued the hearing on other issues raised in the motions that were then before the court.  See ECF No. 131.

On August 24, 2012, Plaintiff Paul Peters settled his claims against the law firm of Roberts Markel, PC, and Brady Ortego, Esq.  See ECF No. 191.  This settlement disposed of the only FDCPA claim remaining in the case.

On September 12, 2012, the court severed Peters's FDCPA claims from the case and ordered that a final judgment be entered

with respect to the FDCPA claims the court had ruled on.  The
court then ordered the remaining state-law claims transferred to
a federal court in Texas.  The court stated that the factual
bases of those remaining state-law claims were distinguishable
from the bases of the FDCPA claims such that it made sense for a
court in Texas to apply Texas law to the state-law claims.  The
severance of the FDCPA claims was ordered to allow Peters to take
an appeal to the Ninth Circuit of this court's grant of summary
judgment to Defendant Bentwater Yacht and Country Club on the
FDCPA claims.  <u>See</u> ECF No. 200.

On September 18, 2012, Peters filed a motion seeking
reconsideration of the order of September 12, 2012.  <u>See</u> ECF No.
206.  That motion is denied.

On September 19, 2012, Bentwater filed a motion seeking
reconsideration of a single sentence in the order of September
12, 2012.  <u>See</u> ECF No. 205.  That motion is granted.

**II.      RECONSIDERATION STANDARD.**

The parties seek reconsideration of a judgment and an
order.  To the extent a final judgment was entered in favor of
Bentwater on the FDCPA claims, reconsideration may be sought
under Rule 59(e) or 60(b) of the Federal Rules of Civil
Procedure.  <u>See</u> <u>White v. Sabatino</u>, 424 F. Supp. 2d 1271, 1274 (D.
Haw. 2006).  However, to the extent state-law claims were
transferred to a court in Texas, the order was interlocutory in

2

nature such that reconsideration may be sought under Local Rule
60.1.

In the Ninth Circuit, a successful motion for
reconsideration under Rule 59(e) must accomplish two goals.
First, it must demonstrate some reason why the court should
reconsider its prior decision.  Second, a motion for
reconsideration must set forth facts or law of a strongly
convincing nature to induce the court to reverse its prior
decision.  White, 424 F. Supp. 2d at 1274; Na Mamo O 'Aha 'Ino v.
Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999).  Courts have
established three grounds justifying reconsideration under Rule
59(e): (1) an intervening change in controlling law; (2) the
availability of new evidence; and (3) the need to correct clear
error or prevent manifest injustice.  Mustafa v. Clark County
Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998); Sch. Dist.
No. 1J, Multnomah Cnty., Or. v. AcandS, Inc., 5 F.3d 1255, 1263
(9th Cir. 1993); Galiher, 60 F. Supp. 2d at 1059.  The District
of Hawaii has implemented these standards with respect to motions
for reconsideration of interlocutory orders in Local Rule 60.1.
White, 424 F. Supp. 2d at 1274.  It appears that reconsideration
is sought under the third prong--the need to correct clear error
or prevent manifest injustice.  To the extent reconsideration is
sought based on Rule 60, it appears to be based on "mistake,

inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1) and (6).

Motions brought under Rule 59(e) and 60(b) are committed to the discretion of the trial court.  <u>United States v. Hernandez</u>, 2012 WL 3600295, *2 (D. Haw. Aug. 20, 2012).

III.    **ANALYSIS.**

**A.   Bentwater's Motion for Reconsideration is Granted.**

On September 19, 2012, Bentwater filed a motion seeking reconsideration of a single sentence in the order of September 12, 2012.  <u>See</u> ECF No. 205.  Bentwater says that, on page 14 of the order, the court mistakenly wrote "Bentwater" instead of "Edgewood" and "83-3" instead of "31-9."  Peters filed no opposition to this motion.  The motion correctly notes mistakes, and the order is therefore amended.  The second sentence of the second full paragraph on page 14 of the order is amended to state: "The court is not entirely sure what Peters meant by this, as there was no dispute that the deeds for the properties located in 'Creekwood' and in 'Edgewood' covered different properties. <u>Compare</u> ECF No. 31-9 <u>with</u> 31-8."  In all other respects, the order of September 12, 2012, remains substantively unchanged.

**B.   Peters's Motion for Reconsideration is Denied.**

**1.   No FDCPA Claims Remain for Adjudication.**

Peters seeks reconsideration of the court's order severing his improperly asserted FDCPA claims from his state-law

4

claims.  Peters disingenuously argues that severance is improper
because the FDCPA claims asserted in the Fourth Claim for Relief
have not been adjudicated.  The factual predicate for this
argument is simply wrong.

      In the order of June 13, 2012, the court stated: "In
the Complaint's First and Fourth Claims for Relief, Peters
asserts that Defendants have violated the Fair Debt Collection
Practices Act, 15 U.S.C. §§ 1692e, 1692f, and 1692g."  The court
then ruled that Bentwater is not liable for any of the alleged
violations of the FDCPA.  See ECF No. 131 at 21-27, 32-37, 42,
45.  With respect to letters sent by Bentwater in December 2004
and May 2005, the court ruled that the letters were not an
attempt to collect a debt.  Id. at 21-22.  Even if Bentwater had
been attempting to collect a debt via those letters, the court
ruled that, because any debt would have been Bentwater's own
debt, no possible violation of the FDCPA was asserted.  Id. at
22-23.  For the same reason, the letters Bentwater sent to
Peters's wife to collect the debt she allegedly owed Bentwater
did not subject Bentwater to liability under the FDCPA.  Id. at
24.  Moreover, the court ruled that Peters lacked statutory
standing to assert any FDCPA claim belonging to his wife, as
Bentwater's debt collection activities were directed only toward
her, not Peters.  Id. at 25-26.  The court also ruled that Peters
lacked statutory standing to assert an FDCPA claim arising out of

a June 2010 lien placed on property recorded only in his wife's name.  Id. at 32-37.

With respect to the FDCPA claims asserted in the First Claim for Relief, the court granted summary judgment in favor of Defendants, expect with respect to a single claim against the law firm defendants.  See id. at 42.  That claim was subsequently dismissed when Peters settled his claims against the law firm defendants.  See ECF No. 191.  With respect to the FDCPA claims asserted in the Fourth Claim for Relief, the court ruled: "Because the court has granted summary judgment on the wrongful lien claim asserted by Peters under the FDCPA, the Fourth Claim for Relief is limited to state law bases concerning the filing of a wrongful lien by 'defendants.'" ECF No. 131 at 45.

Although the court's order of September 12, 2012, directed the Clerk of Court to enter final judgment in favor of Bentwater with respect to the FDCPA claims asserted in the First Claim for Relief, see ECF No. 200 at 19, the judgment that was entered covered all of the FDCPA claims asserted against Bentwater.  The judgment thus incorporated the orders of both June 13, 2012, and September 12, 2012.  The court's directions to the Clerk could have been clearer, but the actual judgment that was entered leaves Peters with no FDCPA claims remaining.  The court clarifies that the Clerk of Court is directed to enter

judgment on all FDCPA claims.  This clarification will be
reflected in the amended order.

> **2.** **Peters's Motion for Leave to File an Amended
> Complaint Does Not Justify Reconsideration.**

Peters argues that entering judgment on his FDCPA
claims and transferring the remaining state-law claims to Texas
is improper because his Amended Complaint remains before the
court.  But Peters does not have an Amended Complaint before this
court!  Peters filed only a motion seeking leave to file an
Amended Complaint.  See ECF No. 112.  That motion has not been
decided.  If Peters continues to want to file an Amended
Complaint, such leave must be obtained from the Texas court.

> **3.** **Claims Based on Hawaii Criminal Law Do Not
> Justify Reconsideration.**

Peters seeks reconsideration of the severance and
transfer order on the ground that he has claims based on Hawaii
law.  It appears that Peters is referring to the Complaint's
reference to chapter 708 of Hawaii Revised Statutes in the Second
Claim for Relief, which involves criminal offenses with respect
to property rights.  As this court noted in its order of
September 12, 2012, "The sole reference to Hawaii law involves
criminal statutes that have a questionable role in this civil
action."  See ECF No. 200 at 8.  The court is not now persuaded
that Peters's tenuous reference to violations of Hawaii's
criminal law makes the transfer inappropriate.

7

Peters presents no authority indicating that he has a private right-of-action to enforce a Hawaii criminal statute. This court has noted that generally no such private right-of-action exists.  <u>See, e.g.</u>, <u>Tomel v. Hawaii</u>, 2012 WL 300567, *9 (D. Haw. Jan. 31, 2012); <u>Finley v. Rivas</u>, 2010 WL 3001915, *5 (D. Haw. July 31, 2010).  In seeking reconsideration, Peters offers no authority for the proposition that he may bring a claim under the criminal statute he relies on.

**4.   The FDCPA Claims Present Factual and Legal Issues Distinct From the State-Law Claims.**

Peters argues that transferring his state-law claims to Texas is inappropriate because they have facts and issues in common with his FDCPA claims.  Peters's argument amounts to a mere disagreement with the court's evaluation of the same argument he raised earlier.  A disagreement does not justify reconsideration.  <u>See</u> <u>Hele Ku KB, LLC v. BAC Home Loans Serv., LP</u>, 2012 WL 1987165, *19 (D. Haw. May 31, 2012); <u>Dep't of Educ. v. M.F.</u>, 2012 WL 639141, *1 (D. Haw. Feb. 28, 2012); <u>White</u>, 424 F. Supp. 2d at 1274.

For example, Peters argues that, when the court decided that Bentwater was attempting to collect its own debt, the court made a determination binding on the Texas court with respect to the state-law claims.  Peters is incorrect.  This court determined that Bentwater was not a "debt collector" for purposes of the FDCPA because Bentwater was attempting to collect its own

debt.  Peter's state law claims are not based on the argument that Bentwater is attempting to collect a debt belonging to another.  Rather, Peters's Complaint alleges that Bentwater has been attempting to collect something that Peters disputes is owed.  Complaint ¶ 12.  Peters alleges that, when he purchased the first lot, he "contracted for membership services" with Bentwater.  Id. ¶ 22.  Peters also alleges that, when the second lot was purchased, Peters "confirmed with [Bentwater] that [Bentwater] would not claim duplicate membership dues."  Id. ¶ 25.  Peters then alleges that Bentwater is attempting to claim duplicate membership dues and is refusing him membership services.  Id. ¶¶ 26, 34.  Peters alleges that Bentwater used "deceit" to improperly charge and take money from his Florida bank account.  Id. ¶¶ 27-30.  Peters additionally alleges that all Defendants, purportedly acting on behalf of the Bentwater Property Owners Association, recorded a lien against the second property.  Id. ¶ 38.

The Second and Fourth Claims for Relief (theft and breach of contract) incorporate the previous paragraphs by reference.  Id. ¶¶ 55, 82.  Peters alleges that Defendants "unlawfully appropriated and exerted unauthorized control over plaintiff's money" and that Bentwater breached its contract with Peters.  Id. ¶¶ 56 and 83-84.  Whether Bentwater was attempting to collect its own debt is not material to the state-law claims.

Instead, according to the allegations of the Complaint, the issue is whether Peters and/or his wife agreed to pay Bentwater membership dues on both properties and whether Peters received the membership services he paid Bentwater for.

Peters's Third Claim for Relief (wrongful lien) also incorporates by reference the previous factual allegations. Id. ¶ 75. It then alleges that, pursuant to section 12.002 of the Texas Civil Practice and Remedies, Defendants are liable for having filed a "fraudulent lien or claim" against the second property. Id. ¶ 80. Whether Bentwater was attempting to collect its own debt does not go to the issue of whether Bentwater agreed to waive the membership fees for the second property to induce its purchase, then charged the fees anyway. It is that latter issue that is the focus of the state-law claims.

Nor is this court persuaded by Peters's argument that this court has ruled that he is not an owner of the second property, an issue relevant to whether he has standing to assert the state-law wrongful lien claims. What this court actually reasoned was that Peter's FDCPA claims failed because Bentwater's collection efforts were directed at his wife, not Peters. Peters lacked statutory standing to pursue the claims because the debt collection effort was not directed at Peters. See ECF No. 131 at 25-26; 32-37. The court was unpersuaded by Peters's argument that debt collection efforts aimed at Peters's wife were also

10

aimed at him merely because he and his wife supposedly co-owned the second property under Texas's community property laws.  Id. at 33.  Even if Texas tax authorities consider Peters a co-owner of the second property, no evidence was submitted indicating that Defendants were attempting to collect a debt from Peters.  Id. Accordingly, no "debt collector" was attempting to collect a debt from Peters, and the protections of the FDCPA were not triggered. Id.

Peters cites no authority indicating that a spouse may assert an FDCPA claim just because another spouse owns property that is the subject of debt collection activities.  Id. at 36. The court did not intend to foreclose and did not actually foreclose Peters's argument that a wrongful lien was placed on his community property in violation of Texas law.  The court's reasoning was limited to the FDCPA claim; the court ruled that, because no debt collection efforts were actually aimed at Peters when a lien was placed on property recorded solely in Peters's wife's name, Peters could not maintain an FDCPA claim.  The court in Texas is free to determine whether the second property is community property and, if so, whether Peters has standing to assert a Texas-law wrongful lien claim.

### 5.    Peters Was Never Foreclosed From Appealing the Sanctions Order.

On August 27, 2012, Magistrate Judge Kevin S.C. Chang sanctioned Peters $441.90 in attorneys' fees and costs for having

filed a motion for default judgment in bad faith after Defendants had filed a motion to dismiss and had been actively defending themselves in this case.  <u>See</u> ECF No. 197.  Peters argues that this court's order of September 12, 2012, and the judgment of the same day deprived him of the opportunity to appeal that sanction order.  Peters is wrong.

Sanction orders are collateral orders that may be appealed separately from the merits of the underlying case.  <u>See</u> <u>Hunt v. City of Los Angeles</u>, 638 F.3d 703, 719 (9th Cir. 2011) ("an order on attorneys' fees is collateral to, and separately appealable from, the judgment"); <u>United States ex rel. Shutt v.</u> <u>Community Home & Health Care Servs., Inc.</u>, 550 F.3d 764, 766 (9th Cir. 2008) ("a district court retains the power to award attorney's fees after a notice of appeal from the decision on the merits has been filed"); <u>Retail Flooring Dealers of Am. v.</u> <u>Beaulieu of Am., LLC</u>, 339 F.3d 1146, 1150 (9th Cir. 2003) (stating that imposition of a sanction is a determination of a collateral issue that may be made after the principal suit has been terminated for lack of jurisdiction).  The entry of judgment in this case did not affect Magistrate Judge Chang's order sanctioning Peters for bad faith conduct.

Peters appears to have been under the misimpression that he could not appeal the sanction order given the entry of judgment.  The court extends his time to file such an appeal for

12

only a short time, because Peters has had ample time to prepare
any appeal of Magistrate Judge Chang's sanction order.  Peters
must file any such appeal no later than November 6, 2012.

**IV.**        **CONCLUSION.**

        For the foregoing reasons, the court grants Bentwater's
motion for reconsideration (ECF No. 205), but denies Peters's
motion for reconsideration (ECF No. 206).  To reflect the changes
Bentwater's motion seeks, the court will issue an amended order
severing the FDCPA claims, directing the entry of an amended
judgment as to the FDCPA claims, and transferring the remaining
claims to the United States District Court for the Southern
District of Texas, Houston Division.

        The court extends Peters's time to appeal the sanction
order of August 27, 2012.  Any such appeal must be filed no later
than November 6, 2012.


        IT IS SO ORDERED.

        DATED: Honolulu, October 31, 2012.



    /s/ Susan Oki Mollway

Susan Oki Mollway
Chief United States District
Judge


<u>Peters v. Roberts Markel, PC, et al.</u>, Civ. No. 11-00331 SOM/KSC; ORDER GRANTING
BENTWATER'S MOTION FOR RECONSIDERATION; ORDER DENYING PETERS'S MOTION FOR
RECONSIDERATION